

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00052-CR

PATRICK DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Oldham County, Texas
Trial Court No. OCR-12B-011, Honorable Roland D. Saul, Presiding

April 16, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Patrick Davis appeals his felony conviction for possessing more than five but less than 50 pounds of marijuana. The conviction resulted from a plea bargain. Acting *pro se*, he purports to question the trial court's jurisdiction to try him, the State's standing to prosecute the offense, the reasonableness of the search, and a purported violation of his due process rights. We affirm.

*Jurisdiction*

The sum and substance of appellant's jurisdictional argument consists of the following:

> The prosecution and the court failed to answer the jurisdictional challenged [sic] brought up on numerous occasions. The prosecution lacked standing to bring a claim against the appellant due to no contract between Davis and the STATE or between Davis and The Texas State Board of Pharmacy. The trail [sic] court failed to place status and jurisdiction on the record. The trial court erred in presuming the appellant to be a citizen, subject to the rules and regulation[s] of the charging administration agency. The trial court failed to place its delegation of authority on the record when asked for it.

We will first address standing. The offense occurred in Oldham County, Texas. The latter county falls within the bailiwick of the 222nd Judicial District. TEX. GOV'T CODE ANN. § 24.400 (West 2004). By statute, the Oldham County attorney is obligated to "represent the state in all matters pending before the district court in" that county. TEX. GOV'T CODE. ANN. § 45.280(a) (West 2004). "[A]ll matters pending before the district court" includes criminal prosecutions. Thus, the county attorney for Oldham County, that is, Kent Birdsong, had "standing" to secure and prosecute the indictment returned against appellant.

Next, we address the jurisdiction of the district court. According to the record, the matter was adjudicated by the district court for the 222nd Judicial District. Again, Oldham County fell within that judicial district. *Id.* § 24.400. Furthermore, our Texas Constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX.

2

CONST. ART. V, § 8.  To that, we add article 4.05 of the Texas Code of Criminal Procedure; it states that "[d]istrict courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code."  TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005).  Next, we look at the indictment wherein appellant was accused of possessing "marihuana in an amount of 50 pounds or less but more than five pounds."  Possessing marijuana in such quantities was and is a felony.  TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (West 2010) (stating that knowingly possessing a usable quantity of marijuana is a "felony of the third degree if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds").[1]  Consequently, the State's prosecution of appellant fell within the jurisdiction of the district court for the 222nd Judicial District.[2]

As for the remaining complaints, none were included in a motion or objection upon which the court ruled.  Given this, they were not preserved for review.  *See* TEX. R. APP. P. 33.1(a)(1) (requiring that the complaint be raised in a timely request, objection or motion and the complainant secure a ruling from the trial court); TEX. R. APP. P. 25.2(a)(2)(A) (stating that in appeals from plea bargains, the issues presented must have been included within a motion presented to and ruled upon by the trial court).

---

[1] Appellant's range of punishment was enhanced to that of a second degree felony due to one or more prior convictions.

[2] We note appellant's suggestion that because section 481.121 appears in the Texas Health and Safety Code, its application falls under the auspices of the Texas Administrative Code, and some administrative agency, not a district court, has the exclusive jurisdiction to try the matter.  Yet, he cites no authority to support the proposition, and we know of none.  Nor does he name the supposed administrative agency with such authority, and we again know of none.

Accordingly, we overrule each issue and affirm the judgment of the trial court.[3]


Brian Quinn
Chief Justice


Do not publish.

---

[3] Appellant also filed a conditional motion to dismiss the appeal. That is, he indicated that he cared to dismiss the appeal if he could revive it at a later date. Due to its conditional nature and the fact that an appellant generally cannot revive a previously dismissed appeal once the time for rehearing has lapsed, we deny the motion.